# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-24-M |
| | ) | |
| RICHARD HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Withdraw Guilty Plea, Rescind Plea Agreement, Revoke Jury Trial Waiver, Suppress Rule 11 Statements and Request for Evidentiary Hearing with Supporting Brief, filed December 31, 2009. On February 9, 2010, the government filed its response, and on February 16, 2010, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

On April 10, 2009, defendant changed his plea and pled guilty to Count 9 of the Indictment, possession with intent to distribute approximately 13 milliliters of PCP in violation of 21 U.S.C. § 841(a)(1). Defendant now moves to withdraw his guilty plea, to rescind the plea agreement, to withdraw the jury trial waiver, and for this Court to enter an order suppressing all Rule 11 statements.[1] Specifically, defendant contends that due to materially incorrect advice from counsel his guilty plea was unknowingly and involuntarily entered.

"Defendants do not have an absolute right to withdraw a guilty plea. Under Fed. R. Crim. P. 32(e), [i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is

---

[1] Defendant also requests that an evidentiary hearing be granted on any contested question of fact. The Court finds that no evidentiary hearing is needed in this case in that in ruling on defendant's motion, the Court has viewed the evidence and factual assertions in the light most favorable to defendant.

imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. The burden is on the defendant to establish a fair and just reason for the withdrawal of the plea." *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (internal quotations and citations omitted). The Tenth Circuit has set forth the following seven factors a court should consider in determining whether a defendant has met his burden of proof: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources. *Id.* at 749.[2]

Defendant contends he is innocent of two of the essential elements of Count 9: (1) the drug quantity and (2) the possession of the PCP was not "with intent." A defendant may satisfy the assertion-of-innocence factor by asserting legal innocence. *Hamilton*, 510 F.3d at 1214. "[W]hether the movant has asserted his legal innocence is an important factor to be weighed." Fed. R. Crim. P. 32 Advisory Committee's note to 1983 amendments. However, "the mere assertion of a legal defense is insufficient; the defendant must present a *credible* claim of legal innocence. . . . In other words, the defendant must make a *factual argument* that supports a legally cognizable defense." *Hamilton*, 510 F.3d at 1214 (emphasis in original).

---

[2]The Court need not review the prejudice to the government, the timing of defendant's motion, the inconvenience to the Court, or the waste of judicial resources factors unless defendant establishes a fair and just reason for withdrawing his guilty plea. *United States v. Hamilton*, 510 F.3d 1209, 1217 (10th Cir. 2007).

Having reviewed the parties' submissions and the transcript of the change of plea hearing, the Court finds defendant has not satisfied the assertion-of-innocence factor. First of all, the quantity of drugs is an essential element of the offense "if the quantity triggers a sentence beyond the maximum allowed for violation of the base § 841(a)(1) offense." *United States v. Montgomery*, 468 F.3d 715, 719 (10th Cir. 2006). Because the difference in the quantities at issue does not trigger a sentence beyond the maximum allowed for violation of the base § 841(a)(1) offense, the Court finds that the quantity of drugs is not an essential element of the offense. Therefore, the fact that defendant possessed .2 milliliters rather than 13 milliliters of PCP does not make defendant legally innocent of the offense.

Second, the Court finds that defendant's sworn testimony at his plea hearing, which he has not repudiated, sufficiently satisfies the "with intent" element. At the plea hearing, defendant testified as follows:

> THE COURT: If that is your understanding, just tell me what you did in this case that resulted in these charges being filed against you.
>
> THE DEFENDANT: I had possession of 13 milliliters of PCP, with intent to distribute, in the Western District of Oklahoma.
>
> \*        \*        \*
>
> Q. You mentioned briefly to the Court that you were under the influence of drugs during this period of time in your life; is that correct?
>
> A. Yes, ma'am.
>
> Q. What were you using at that time?
>
> A. PCP, that's what I did.
>
> Q. You used it as well as sold it?

>A. Yes, ma'am.
>
>Q. When you sold it, was that to help support the habit that you had?
>
>A. I mean, I just – I bought it for myself. You explained it to me that possession with intent is if I gave it to anybody, or anything, that was – I was using it and people would come to my house and we would watch the game and we would use it.
>
>Q. So some of these other people would use it, as well?
>
>A. Yes.
>
>Q. You know that it is illegal for you to distribute it, whether you give it to them or sell it to them –
>
>A. Yes.
>
>Q. – if you do that, that is illegal?
>
>A. Yes, ma'am.
>
>Q. Having some of that PCP, and intending to do that, was also illegal?
>
>A. Yes, ma'am.

Transcript of April 10, 2009 Change of Plea Hearing at 13-15. In light of the above testimony, the Court finds defendant cannot present a credible claim of legal innocence; based upon the facts defendant has admitted, he cannot make a factual argument that the possession of the PCP was not with intent.

Defendant further contends that he should be permitted to withdraw his plea because he received ineffective assistance of counsel and that his plea was not knowing and voluntary because of this ineffective assistance. Specifically, defendant contends that his counsel misinformed him on three important factors: (1) his counsel failed to discover and, therefore, inform defendant that the total weight of the PCP in the vials was only .2 milliliters not 13 milliliters as alleged in Count 9 of

the Indictment[3]; (2) his counsel did not know and, therefore, failed to inform defendant that a plea of guilty to Count 9, possession with intent, would automatically qualify him for the career offender enhancement; and (3) his counsel did not know and, therefore, failed to inform defendant that a level 32 is the mandatory base offense level if the career offender enhancement is applied. Defendant states that his counsel showed him in the United States Sentencing Guidelines that he would have a total offense level of 13 with a criminal history category of VI, which would result in an advisory guideline range of 36-41 months and that if defendant was considered a career criminal, his advisory guideline range would be 60 to 120 months. The advisory guideline range set forth in the Presentence Investigation Report is 151 to 188 months.

When a defendant challenges a guilty plea based on ineffective assistance of counsel, a court applies the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hamilton*, 510 F.3d at 1216. "To prevail under this test, [defendant] must show *both* (1) that counsel's performance was deficient *and* (2) that this deficiency prejudiced [his] defense." *Id.* (internal quotations omitted) (emphasis in original). To establish that his attorney's performance was constitutionally deficient, defendant must show that his attorney's performance "fell outside the wide range of competence demanded of attorneys in criminal cases." *Id.* (internal quotations omitted). To demonstrate that defendant suffered prejudice as a result of the alleged deficiency, defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotations omitted).

The Tenth Circuit has held that "[a] miscalculation or erroneous estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance

---

[3]The Court has already addressed this issue *supra*.

of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Defendant admits that his counsel told him he could be subject to the career offender enhancement and that if he was, his advisory guideline range was 60-120 months' incarceration. This predicted guideline range, however, turned out to be erroneous. Based upon the Tenth Circuit law set forth above, the Court finds that defendant's counsel's erroneous estimation of defendant's guideline range is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.

Additionally, the Court finds that defendant has also failed to establish that he suffered prejudice from his counsel's inaccurate sentence prediction. In the plea agreement in this case, defendant:

> acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty.

Plea Agreement at ¶ 7. Further, in the plea agreement, defendant acknowledged that he "understood that the sentence to be imposed upon [him] is within the sole discretion of the Court." *Id.* at ¶ 16. Defendant also acknowledged these same principles at the plea hearing: "Furthermore, do you understand and realize that this Court then may impose the same punishment as if you had pleaded not guilty, stood trial, and been convicted? THE DEFENDANT: Yes, ma'am." Transcript of April 10, 2009 Change of Plea Hearing at 6. Given the fact that defendant pleaded guilty even after acknowledging the above, his mere allegation that, but for his counsel's representations regarding

the likely advisory guideline range, he would have insisted on going to trial, is insufficient to establish prejudice.[4]

Accordingly, the Court finds no ineffective assistance of counsel and finds that defendant's plea, therefore, was knowingly and voluntarily entered.

Thus, for the reasons set forth above, the Court finds defendant has not shown a fair and just reason to withdraw his guilty plea. Accordingly, the Court DENIES defendant's Motion to Withdraw Guilty Plea, Rescind Plea Agreement, Revoke Jury Trial Waiver, Suppress Rule 11 Statements and Request for Evidentiary Hearing [docket no. 173].[5]

**IT IS SO ORDERED this 9th day of March, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Defendant also asserts his counsel was ineffective based upon his failure to attend the Rule 11 conference with him and that said conference was ill advised in the first place. The Court, however, finds that defendant's counsel was not ineffective with respect to the Rule 11 conference. First, by participating in the Rule 11 conference, defendant was able to receive all three points for acceptance of responsibility under United States Sentencing Guidelines §3E1.1. Further, the Court finds counsel was not ineffective for failing to attend the Rule 11 conference. In fact, in the plea agreement defendant agreed and understood that said conference might occur without his attorney present. *See* Plea Agreement at ¶ 14. Additionally, on the day of the Rule 11 conference, defendant spoke with his counsel over the telephone and after that discussion stated that he was ready, willing, and able to proceed with the Rule 11.

[5] The Court would note that defendant's new counsel is not precluded prior to sentencing from presenting the Court with information or facts by way of a motion for downward variance.