# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-09-24-M |
| | ) | (CIV-10-1108-M) |
| RICHARD C. HAWKINS JR., | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Richard C. Hawkins Jr. ("Hawkins"), a federal prisoner, filed a "Motion for a 28 USC § 2255 to Vacate, Set Aside, or Correct My Judgment and Sentence" on October 12, 2010. On November 4, 2010, plaintiff-respondent United States of America filed its response to Hawkins' motion, and on November 19, 2010, Hawkins filed his reply.

I.  Background

On January 22, 2009, Hawkins was charged in a nine-count Indictment with various drug crimes, including possessing crack cocaine and PCP with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On April 10, 2009, pursuant to a plea agreement, Hawkins pled guilty to Count 9 of the Indictment, possession with intent to distribute approximately 13 milliliters of PCP in violation of 21 U.S.C. § 841(a)(1). On September 15, 2009, Hawkins' sentencing began, but due to issues between Hawkins and his counsel, specifically Hawkins' claim that his counsel told him that if he was sentenced as a career offender it would be for only five to ten years' imprisonment, the sentencing was continued to a later date. On October 19, 2009, Hawkins' sentencing resumed; however, at the sentencing the Court allowed counsel to withdraw and ordered new counsel for Hawkins.

Shortly after new counsel was appointed, a motion to withdraw Hawkins' guilty plea and rescind the plea agreement was filed. In his motion, Hawkins asserted that he received incorrect advise from his previous counsel Mr. Gutteridge, including counsel's failure to inform him that (1) he automatically qualified for the career offender enhancement by pleading guilty to possession with intent to distribute and (2) the lab report showed only .2 milliliters of PCP. On March 9, 2010, the Court denied Hawkins' motion.

On April 7, 2010, Hawkins was sentenced to 151 months' imprisonment, the bottom of the advisory guideline range of 151 to 188 months. Hawkins appealed to the Tenth Circuit Court of Appeals, alleging that his motion to withdraw his plea of guilty should have been granted and his plea was not knowingly and intelligently entered. On August 13, 2010, the Tenth Circuit granted the government's motion to enforce the waiver of appeal in Hawkins' plea agreement and dismissed the appeal. *United States v. Hawkins*, Case No. 10-6092, 2010 WL 3191768 (10th Cir. Aug. 13, 2010).

## II.     Discussion

As grounds for his § 2255 motion, Hawkins asserts ineffective assistance of counsel. Specifically, Hawkins asserts that his first counsel, Mr. Gutteridge, was ineffective by (1) providing him materially incorrect advice regarding the sentencing range he would be facing; (2) failing to know that Hawkins would qualify as a career offender and know the accurate guideline range he would be facing and failing to advise Hawkins of the same; (3) failing to obtain the lab report showing only .2 milliliters of PCP prior to plea discussions; (4) failing to argue that the government changed a simple possession state case into a federal possession with intent case; (5) failing to communicate with him or his family; (6) failing to be available enough to be close assistance of

2

counsel; and (7) negotiating a plea deal that was not a good deal. The government asserts Hawkins' motion should be dismissed because in the plea agreement Hawkins knowingly and voluntarily waived his right to collaterally challenge his guilty plea and the sentence imposed.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Cockerham*, 237 F.3d at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Cockerham*, 237 F.3d at 1187.

Because Hawkins' first three and last ineffective assistance claims challenge the validity of Hawkins' plea, the Court will address these ineffective assistance of counsel claims prior to addressing whether Hawkins' waiver of his right to collaterally challenge his conviction and sentence was knowingly and voluntarily made. In these claims, Hawkins makes the same arguments he made in his motion to withdraw his guilty plea. In addressing Hawkins' ineffective assistance claim in his motion to withdraw, this Court found:

> Defendant further contends that he should be permitted to withdraw his plea because he received ineffective assistance of counsel and that his plea was not knowing and voluntary because of this ineffective assistance. Specifically, defendant contends that his counsel misinformed him on three important factors: (1) his counsel failed to discover and, therefore, inform defendant that the total weight of the PCP in the vials was only .2 milliliters not 13 milliliters as alleged in Count 9 of the Indictment; (2) his counsel did not know and, therefore, failed to inform defendant that a plea of guilty to Count 9, possession with intent, would automatically qualify him for

3

the career offender enhancement; and (3) his counsel did not know and, therefore, failed to inform defendant that a level 32 is the mandatory base offense level if the career offender enhancement is applied. Defendant states that his counsel showed him in the United States Sentencing Guidelines that he would have a total offense level of 13 with a criminal history category of VI, which would result in an advisory guideline range of 36-41 months and that if defendant was considered a career criminal, his advisory guideline range would be 60 to 120 months. The advisory guideline range set forth in the Presentence Investigation Report is 151 to 188 months.

When a defendant challenges a guilty plea based on ineffective assistance of counsel, a court applies the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hamilton*, 510 F.3d at 1216. "To prevail under this test, [defendant] must show *both* (1) that counsel's performance was deficient *and* (2) that this deficiency prejudiced [his] defense." *Id.* (internal quotations omitted) (emphasis in original). To establish that his attorney's performance was constitutionally deficient, defendant must show that his attorney's performance "fell outside the wide range of competence demanded of attorneys in criminal cases." *Id.* (internal quotations omitted). To demonstrate that defendant suffered prejudice as a result of the alleged deficiency, defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotations omitted).

The Tenth Circuit has held that "[a] miscalculation or erroneous estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Defendant admits that his counsel told him he could be subject to the career offender enhancement and that if he was, his advisory guideline range was 60-120 months' incarceration. This predicted guideline range, however, turned out to be erroneous. Based upon the Tenth Circuit law set forth above, the Court finds that defendant's counsel's erroneous estimation of defendant's guideline range is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.

Additionally, the Court finds that defendant has also failed to establish that he suffered prejudice from his counsel's inaccurate sentence prediction. In the plea agreement in this case, defendant:

> acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty.
>
> Plea Agreement at ¶ 7. Further, in the plea agreement, defendant acknowledged that he "understood that the sentence to be imposed upon [him] is within the sole discretion of the Court." *Id.* at ¶ 16. Defendant also acknowledged these same principles at the plea hearing: "Furthermore, do you understand and realize that this Court then may impose the same punishment as if you had pleaded not guilty, stood trial, and been convicted? THE DEFENDANT: Yes, ma'am." Transcript of April 10, 2009 Change of Plea Hearing at 6. Given the fact that defendant pleaded guilty even after acknowledging the above, his mere allegation that, but for his counsel's representations regarding the likely advisory guideline range, he would have insisted on going to trial, is insufficient to establish prejudice.
>
> Accordingly, the Court finds no ineffective assistance of counsel and finds that defendant's plea, therefore, was knowingly and voluntarily entered.

March 9, 2010 Order at 4-7 [docket no. 185] (internal footnotes omitted).

Because Hawkins has provided nothing additional to what he raised in his previous motion to withdraw his plea, the Court finds, for the same reasons set forth in this Court's March 9, 2010 Order, that Mr. Gutteridge was not ineffective by providing Hawkins incorrect advice regarding the sentencing range he would be facing, by failing to know that Hawkins would qualify as a career offender and know the accurate guideline range he would be facing and failing to advise Hawkins of the same, by failing to obtain the lab report showing only .2 milliliters of PCP prior to plea discussions, and by negotiating a plea deal that was not a "good deal" and further finds that said

5

actions by Mr. Gutteridge do not render Hawkins' plea involuntary. The Court, therefore, finds that Hawkins is not entitled to relief on this basis.

Because Hawkins' remaining ineffective assistance of counsel claims would fall within his waiver of his right to collaterally challenge his conviction and sentence, the Court must now address whether said waiver is expressly stated in the plea agreement and whether both Hawkins' plea and said waiver were knowingly and voluntarily made. The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

    A.    <u>Scope of the waiver</u>

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 8 of Hawkins' plea agreement provides:

> 8. Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

> this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>     a. Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>     b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.
>     c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement at ¶ 8 [docket no. 136].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Hawkins' appeal and collateral attack rights. The Court further finds that the remaining claims of ineffective assistance of counsel Hawkins asserts in his § 2255 motion fall within Hawkins' waiver of collateral attack rights, and specifically within paragraph 8 of the Plea Agreement.

B. <u>Knowing and Voluntary</u>

Under the second prong of its analysis, the Court must determine whether Hawkins' plea and waiver were made knowingly and voluntarily. Hawkins bears the burden of presenting evidence from the record that substantiates his allegation of involuntariness. *See Hahn*, 359 F.3d at 1329 (citing *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)). However, as set forth above, the sole basis for Hawkins' contention that his plea was involuntary – ineffective assistance of counsel – does not render his plea involuntary.

Further, when deciding whether a waiver is knowing and voluntary, the Court looks to two factors: (1) whether the plea agreement "states that the defendant entered the agreement knowingly and voluntarily," *Hahn*, 359 F.3d at 1325; and (2) whether the waiver was adequately explained to the defendant during a Federal Rule of Criminal Procedure 11 colloquy. *Id.* In this case, the plea agreement expressly provides that Hawkins "knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge" his conviction and sentence. Plea Agreement at ¶ 8. The plea agreement further provides, in the paragraph immediately preceding Hawkins and his attorney's signatures, that "defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms." *Id.* at ¶ 18.

Additionally, during his change of plea hearing, the Court asked Hawkins whether his plea of guilty was the result of a plea agreement with the Government, to which he responded in the affirmative. Change of Plea Tr. at p. 8, lns. 15-18. The Assistant United States Attorney prosecuting the case then summarized the relevant terms and conditions of the plea agreement, specifically noting:

> Paragraphs 8 and 9 present specific waivers of the right to appeal and collaterally challenge the sentence and the convictions, both by the Defendant and by the Government. Basically if the Court sentences the Defendant within or below the advisory guideline range, the Defendant has waived such rights. Similarly, if the Court sentences within or above the advisory guideline range, the United States has waived their right to appeal or collaterally challenge both the conviction and sentence.

*Id.* at p. 9, ln. 20 - p. 10, ln. 3. The Court then engaged in the following colloquy with Hawkins:

> THE COURT: Mr. Hawkins, you have heard counsel disclose the terms of your agreement. Do her statements represent what you understand your plea agreement to be?
>
> THE DEFENDANT: Yes, ma'am.

> THE COURT: Let me ask you about one of those provisions; that is, the one in which you have waived or given up your right to appeal the sentence of this Court, except under limited circumstances, which I'm sure Mr. Gutteridge has gone over with you. Because that is such an important waiver, I want to make sure you understand what you are giving up in that regard.
>
> Can you tell me in your own words what it means to you to waive or give up your right to appeal the sentence of this Court? What does that mean to you?
>
> THE DEFENDANT: It means that if I get a certain amount of time, I can't be down the road and say that that wasn't right and try to get a lawyer or anything to try to come back in front of the judge, in front of you.
>
> THE COURT: Right. In this instance, if the Court, for example, should sentence you within the advisory sentencing guideline range, then in that case, you have waived your right to appeal and your statement is exactly right. So I just wanted to make sure that you understand what you are giving up in that regard.
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at p. 10, ln. 14 - p. 11, ln. 13.

In light of the above, the Court finds that Hawkins knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his sentence and conviction.

### C. Miscarriage of Justice

The third prong of the Court's analysis requires that it determine "whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise

9

unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Hawkins has not alleged the Court relied upon any impermissible factor at sentencing, that Hawkins' sentence does not exceed the statutory maximum, and that the Court has previously found no ineffective assistance of counsel in connection with the negotiation of the plea and waiver. Additionally, after carefully reviewing the parties' submissions, the Court finds that enforcement of Hawkins' collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

### D. Conclusion

Accordingly, for the reasons set forth above, the Court finds that Hawkins' waiver of his right to collaterally challenge his conviction and sentence should be enforced and that the remaining ineffective assistance of counsel claims Hawkins asserts in his § 2255 motion are barred by said waiver.

### III. Evidentiary Hearing

As set forth above, Hawkins' motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Hawkins' claims, the Court finds there is no need for an evidentiary hearing on this motion.

*United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. §2255.

IV.     Conclusion

Accordingly, the Court DENIES Hawkins' "Motion for a 28 USC § 2255 to Vacate, Set Aside, or Correct My Judgment and Sentence".

**IT IS SO ORDERED this 20th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE